UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIZ NICHOLAS VALDES, JR.,

    Plaintiff,

v.

LOGISTICS INSIGHT
CORPORATION,

    Defendant.
_____/

Case No. 2:25-cv-10820
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

### ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL AS MOOT (ECF No. 23)[1]

I.    Introduction

This is a civil case. Plaintiff Felix Nicholas Valdes, Jr. (Valdes), proceeding *pro se*, is suing Logistics Insight Corporation (Logistics) for defamation and negligence arising out of an allegedly false report that Valdes failed to appear for a pre-employment drug test. Valdes also claims that Logistics violated the Federal Motor Carrier Safety Regulations. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 12).

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Before the Court is Valdes' motion to compel, (ECF No. 23), to which Logistics has responded. (ECF No. 24). No reply is necessary.[2] As will be explained, this is Valdes' second motion to compel. The first one was denied as moot. (ECF No. 22). This motion fares the same.

## II. Background

Most of the relevant background has been set forth in the undersigned's prior order denying Valdes' first motion to compel, as follows:

> On March 25, 2025, Valdes filed his complaint. (ECF No. 1). On May 5, 2025, Logistics filed an answer. (ECF No. 13). On May 6, 2025, the undersigned entered a scheduling order and notice of *pro se* resources, setting a discovery deadline of September 8, 2025, dispositive motion cut off of October 8, 2025, and informing Valdes of the Court's *pro se* resources. (ECF No. 14). That same day, Valdes emailed a set of interrogatories, requests for production of documents, and requests for admission (the "Discovery Requests") to Logistics. On May 6, 2025, Valdes filed a motion asking the Court to strike Logistics' affirmative defenses, which the Court denied. (ECF Nos. 16, 18).
>
> On or about May 15, 2025, Logistics retained counsel. On May 30, 2025, Logistics served its initial Rule 26 disclosures and an initial set of interrogatories and requests for production of documents on Valdes. Counsel for Logistics says that at that time, counsel was unaware of Valdes' Discovery Requests.
>
> On June 13, 2025, Valdes emailed Logistics' office to provide a copy of his Discovery Requests, which he says he sent on May 6, 2025. Counsel responded within a few hours that same day, reminding Valdes to send correspondence and discovery through his office and

---

[2] "[T]he court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear after considering a motion and response." *Convertino v. U.S. Dep't of Just.*, No. 07-CV-13842, 2008 WL 4998369, at *2 (E.D. Mich. Nov. 21, 2008).

> confirming that Logistics was now in receipt of the Discovery Requests and would respond accordingly. A few hours later, Valdes filed the instant motion.
>
> On Saturday, June 14, 2025, Valdes emailed Logistics' counsel's office a "meet and confer letter," stating that he planned to file a motion to compel responses to the Discovery Requests if he did not receive them within 7 calendar days of the date of the letter.
>
> On June 16, 2025, counsel emailed Valdes to acknowledge receipt of his "meet and confer" letter, and to point out that seven days following the date of the letter was June 20, 2025, and to assure him that he would receive Logistics' answers and responses to his Discovery Requests on or before that date. Based on what appeared to be an agreement that Logistics would respond by June 20, Logistics asked Valdes to withdraw the motion to compel. Valdes declined. On June 16, 2025, Logistics says that it served complete responses to Valdes' Discovery Requests.

(ECF No. 22, PageID.112-113).

On June 26, 2025, the undersigned denied Valdes' first motion to compel as moot. (ECF No. 22). On June 30, 2025, Valdes emailed counsel for Logistics a copy of the instant motion to compel and said that he wanted "to give [them] the heads up motions have been filed for [their] personal records." (ECF No. 24-9, 6/30/25 Email Correspondence). Counsel responded to Valdes' email the following day, thanking him for the email and informing Valdes that the Court had already denied his nearly identical motion to compel. (ECF No. 24-10, 7/1/25 Email Correspondence). Counsel also asked about the status of Valdes' overdue initial disclosures and discovery responses. *Id*.

In response to that email, Valdes sent a "discovery hold letter" confirming

3

that he received Logistics' discovery responses on June 16, 2025, but asserting that they were "inadequate." (ECF No. 24-11, Valdes' Discovery Hold Letter). Valdes also said that he would "provide [his] responses and disclosures once [Logistics] complies in full with the outstanding discovery requests previously submitted." *Id*.

Counsel for Logistics also asked Valdes to explain the basis for his unilateral decision to withhold initial disclosures and discovery responses, as well as to specify how Logistics' discovery responses were inadequate. Valdes did not so, stating that he "do[es] not find it appropriate to respond to vague and insubstantial requests when [his] own have been completely disregarded." (ECF Nos. 24-10, 24-11).

### III.   Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) (internal citation omitted) ("Further, a court has broad discretion over

4

discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion."). Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

## IV.   Discussion

Logistics says that Valdes' motion to compel should be denied because, like his prior motion to compel, Logistics has provided responses to Valdes' discovery requests, rendering the motion moot. The Court agrees. Although Valdes suggests that responses were not provided, his own "discovery hold letter" acknowledges that Logistics has responded to his discovery requests. As such, Valdes' second motion to compel is moot. *See Alexander v. Galzetta*, No. 2:16-CV-13293, 2018 WL 5808698, at *1 (E.D. Mich. Nov. 6, 2018) (denying motion to compel as moot where defendant served discovery responses after the motion was filed and plaintiff did not dispute that responses were received).

Logistics also argues, as it did in response to Valdes' first motion to compel, that Valdes failed to meet-and-confer as required by the federal rules. As the Court previously noted, Rule 37 authorizes motions to compel discovery when a party does not adequately respond to a discovery request. Fed. R. Civ. P. 37(a)(1)-(4). However, before filing such a motion, movants must "in good faith" attempt to "confer" with the opposing party to resolve the issue. Fed. R. Civ. P. 37(a)(1); *see also Sweeting v. Schweigtzer*, No. 19-3930, 2020 WL 5822513, at *3 (6th Cir. July 31, 2020). Moving parties must include a certification in their motion to compel that details these efforts. *Id.*; *see also Parks v. Lyash*, No. 22-5841, 2023 WL 6237062, at *9 (6th Cir. Apr. 12, 2023).

Here, Valdes mailed a copy of his motion *after* he filed it. Valdes also did not tell counsel for Logistics what his concerns with the discovery responses were, instead refusing to discuss the matter. This does not satisfy Rule 37's requirements. As to the consequences for Valdes' failure, the Court has already explained that Courts vary on this issue and the undersigned declines to deny Valdes' motion on this ground. *See* ECF No. 22, PageID.116.

However, Valdes has been informed of his obligation to follow the Federal Rules and local rules in this district, even though he is proceeding *pro se*. *See* ECF No. 14, PageID.28. Valdes is cautioned that further failures to follow the Federal Rules and local rules may result in his filings being stricken or other sanctions as

permitted under the rules.[3]

V. Conclusion

For the reasons stated above, Valdes' second motion to compel (ECF No. 23) is DENIED AS MOOT.

Dated: July 9, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2025

s/  
Case Manager

---

[3] Even though discovery is still open, Valdes recently filed a motion for partial summary judgment. (ECF No. 26). The undersigned will issue a report and recommendation on this motion after briefing is complete.