UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX NICHOLAS VALDES, JR.,

    Plaintiff,

v.

LOGISTICS INSIGHT CORP.,

    Defendant.

_____/

Case No. 25-10820

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [48]**

In this civil lawsuit, Plaintiff Felix Nicholas Valdes, Jr. (Valdes), proceeding *pro se*, is suing Defendant Logistics Insight Corporation (Logistics) for defamation and negligence arising out of an allegedly false report that Valdes failed to appear for a pre-employment drug test. Valdes also claims that Logistics violated the Federal Motor Carrier Safety Regulations (FMCSR). (ECF No. 1.) The case has been referred to Magistrate Judge Kimberly G. Altman for all pre-trial matters. (ECF No. 12.) Before the Court is the Magistrate Judge's report and recommendation to deny Plaintiff's motion for summary judgment and Plaintiff's motions to suppress, and to grant summary judgment *sua sponte* in favor of Defendant on Plaintiff's claim under the FMCSR. (ECF No. 48.) Plaintiff has filed objections to which Defendants have responded. (ECF Nos. 49, 59.) For the reasons below, the Court ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

I.   **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

1

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

## II.     Relevant Background

On March 25, 2025, Plaintiff filed his complaint alleging that he applied for employment with Defendant in December 2024. As part of his application, he completed a pre-employment drug test at a certified clinic. Defendant falsely reported that Plaintiff failed to appear for the test, leading to Plaintiff's commercial driver's license being suspended. In his motion for summary judgment, Plaintiff adds that he submitted the drug test on December 13, 2024, but the result was not verified until December 31, 2024, which exceeded the timeframe allowed for verification under 49 C.F.R. Part 40. Plaintiff also maintains he was never contacted prior to verification, as required before a refusal to test determination is entered. 49 C.F.R. § 40.191. Plaintiff submitted no evidence in support of his motion.

Defendant submitted evidence confirming that on December 13, 2024, Plaintiff provided a urine sample as part of a pre-employment drug screening. The process was managed by non-party, WorkForce QA. Plaintiff filled out the appropriate form, but did not provide an email address or phone number. A laboratory technician with Clinical Reference Laboratory analyzed Plaintiff's urine sample and concluded it was "substituted." The matter was reviewed by a Medical Review Officer (MRO) with

2

WorkForce QA, who noted the sample was "NOT consistent with normal human urine" and labeled the test result as "refusal to test" due to substitution.

The MRO attempted to contact Plaintiff about the urine sample three times but was unsuccessful. On December 31, 2024, the MRO coded Plaintiff's drug test as "reviewed and refusal," noting that he would update the report if Plaintiff provided additional information. The same day, Workforce QA entered the results of Plaintiff's drug test into the Federal Motor Carrier Safety Act (FMCSA) Drug and Alcohol Clearinghouse (Clearinghouse). Also on the same day, Plaintiff and Defendant were notified that Plaintiff had been disqualified from performing safety sensitive duties. Defendant declined to hire Plaintiff.

On July 7, 2025, Plaintiff filed a motion for partial summary judgment on the issue of liability. The motion referred to Department of Transportation regulations, but did not discuss defamation or negligence. Therefore, Magistrate Judge Altman construed the motion as seeking partial summary judgment on Plaintiff's FMCSR claim. The Magistrate Judge agreed with Defendant's argument that neither the FMCSR nor the FMCSA create a private right of action. Therefore, the Magistrate Judge's report recommends that Plaintiff's claim under the FMCSR fails as a matter of law and summary judgment should be denied. The report further recommends that summary judgment should be granted *sua sponte* on Plaintiff's FMCSR claim, after finding that Plaintiff had both notice the Court was considering summary judgment on that claim, and a reasonable opportunity to present his arguments and evidence on the claim. (ECF No. 48, PageID.332-33.)

### III.     Analysis

Plaintiff has filed four objections to the Magistrate Judge's recommendation to deny his motion for summary judgment. Plaintiff's first objection is that his right to due process was violated by procedural defects in the handling of his urine specimen. Plaintiff's second objection is that it is improper to *sua sponte* grant summary judgment on his FMCSR claim because he was never given notice or the opportunity to respond to a motion for summary judgment on that claim. Plaintiff's third objection is that there are issues of material fact concerning his FMCSR claim, making summary judgment inappropriate. Plaintiff's fourth objection is that the third parties responsible for conducting the analysis of his urine sample and reporting the results to the Clearinghouse have destroyed or withheld critical evidence that would support his FMCSR claim.

The Court finds that Plaintiff's objections fail to satisfy E.D. LR 72.1(d)(1) as they broadly dispute the correctness of the Magistrate Judge's conclusions without specifying which findings he believes to be in error. Even if the objections were well-taken, the Court agrees with the Magistrate Judge's analysis that Plaintiff's motion for summary judgment should be denied because the act and regulations he relies on do not provide a private right of action. Whether there are issues of material fact, procedural defects, or the destruction of evidence by third parties is of no relevance in this forum where there is no private right of action.

As it relates to the recommendation that summary judgment be granted *sua sponte* to Defendant on Plaintiff's FMCSR claim, the Court agrees with the thorough and well-reasoned report prepared by the Magistrate Judge. The Magistrate Judge correctly observed that Plaintiff "knew the Court would consider summary judgment on the claim

because he moved for summary judgment, and in doing so, he had the opportunity and incentive to present all his arguments concerning this claim. He also had the opportunity to submit a reply brief after notice that [Defendant] had requested *sua sponte* summary judgment, which he did not do." (ECF No. 48, PageID.333.) In addition, Plaintiff was alerted to the issue prior to filing his motion for summary judgment when the Court issued an order to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction, noting that there could be no federal question jurisdiction because the FMCSR does not create a private cause of action. (ECF No. 7; ECF No. 59, PageID.409.)

For these reason, Plaintiff's objections are overruled.

## IV.    Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 48). Accordingly, Plaintiff's motion for summary judgment (ECF No. 26) and motions to suppress (ECF Nos. 31, 32) are DENIED. Moreover, summary judgment is GRANTED *SUA SPONTE* on Plaintiff's third claim under the Federal Motor Carrier Safety Regulations, and that claim is DISMISSED WITH PREJUDICE.

SO ORDERED.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: October 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2025, by electronic and/or ordinary mail.

                                  s/Marlena Williams
                                  Case Manager